# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GABRIEL LOPEZ, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 18-CV-5344 |
| : | |
| PRIME CARE MEDICAL DEPT¸ *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

**GOLDBERG, J.**                                                                                                                          **JANUARY 23, 2019**

      *Pro se* Plaintiff Gabriel Lopez, who is currently incarcerated at the Lehigh County Jail, has filed this civil action pursuant to 42 U.S.C. § 1983 against "Prime Care Medical Dept," "Nurses on St. Luke's Anderson Campus Hospital," and "Prison Officials Who Transported to Hospital Mental Health Dept," regarding events that occurred during his previous incarceration at the Northampton County Jail. (ECF No. 2.) Lopez also appears to name "Prime Care Medical Dept Person[n]el on Duty" and the doctor in the hospital's radiology department as Defendants in the body of his Complaint, although he failed to name these individuals as Defendants in the caption in accordance with Rule 10(a) of the Federal Rules of Civil Procedure. He has also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 6) and Motions for Appointment of Counsel (ECF Nos. 3, 7). For the following reasons, the Court will grant Lopez leave to proceed *in forma pauperis*, dismiss his Complaint with leave to amend, and deny his Motions for Appointment of Counsel at this time.

**I.    FACTS**

Lopez suggests that the events giving rise to his claims began in December of 2015, when he ingested a plastic spork. (Compl. at 9.)[1] He told prison officials that he had ingested the spork, and he was transported to St. Luke's Anderson Campus Hospital on December 31, 2015. (*Id.* at 6, 9.) Lopez had an X-ray done at the hospital and "was told nothing was there." (*Id.* at 9.) He claims that the prison guards who accompanied him were told the same thing, even though they knew he had ingested a spork. (*Id.*) Lopez claims that the hospital staff were negligent because they did not do an X-ray with contrast. (*Id.*)

Subsequently, Lopez told the nurses that the spork had not been removed and claims that "Prime Care medical staff did nothing about" it. (*Id.*) He became ill 18 months later, in July of 2017. (*Id.*) Lopez alleges that he developed a fistula in his intestines and "would throw up [his] food for weeks." (*Id.* at 7, 9.) He could not eat for 8 days, had no energy, and lost 70 pounds in a month. (*Id.* at 7.) On July 24, 2017, Lopez had an X-ray with contrast and the spork was located. (*Id.*) He ultimately underwent a procedure to remove the spork and spent 10 days in the hospital. (*Id.*) He alleges that he still has complications with his stomach requiring him to take medication every day. (*Id.* at 9.)

Based on these allegations, Lopez asserts violations of his rights under the Eighth and Fourteenth Amendments. (*Id.* at 5.) As relief, he requests that all his medical bills from July of 2017 be paid. (*Id.* at 9.) He also seeks damages. (*Id.*)

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

## II. STANDARD OF REVIEW

The Court will grant Lopez leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[2] Accordingly, Lopez's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). As Lopez is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, the Complaint fails to state a claim for relief at this time.

---

[2] However, because Lopez is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

### A. Claims Against "Prime Care Medical Dept" and Staff

At this time, Lopez cannot maintain a claim against "Prime Care Medical Dept." To the extent that Lopez is referring to Prime Care, that entity may not be held liable under § 1983 unless its policies or customs caused a violation of Lopez's rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). Here, Lopez has not alleged the existence of such a policy or custom in his Complaint. To the extent Lopez is referring to the medical department at the Northampton County Jail, the department is not a person subject to suit under § 1983. *See Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (concluding that the prison medical department was not a person for purposes of § 1983). Accordingly, Lopez's claims against "Prime Care Medical Dept" will be dismissed.

As noted above, Lopez also appears to want to proceed against the "Prime Care Medical Dept Person[n]el on Duty." He claims that after he returned from the hospital, he told nurses that the spork had not been removed and that the "Prime Care medical staff did nothing about" it. (Compl. at 9.) Lopez alleges that because of this, he fell ill in July of 2017. (*See id.* at 7.) As an initial matter, it is not clear who this reference refers to, *i.e.*, whether it refers to nurses or doctors or other individuals. Moreover, it is not clear if Lopez is referring to medical staff on duty on one specific occasion or during the whole time he was suffering. In any event, it is not proper for Lopez to sue the entire medical staff for the Northampton County Jail unless each staff member was personally involved in violating his rights. In other words, it is insufficient to pin liability on every staff member based solely on the fact that those staff members are part of a flawed system, if that is what Lopez is trying to do. Instead, Lopez must limit his claims to those individuals and entities who played a role—whether through acts or inaction—in violating his

rights. His allegations against the "Prime Care Medical Dept Person[n]el on Duty" are insufficient to state a claim without any reference to which specific individual engaged in what conduct. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014). Thus, Lopez cannot proceed against the "Prime Care Medical Dept Person[n]el on Duty" at this time.

### B. Claims Against "Nurses on St. Luke's Anderson Campus Hospital" and Doctor in the Radiology Department

Lopez also cannot maintain claims against the nurses and doctor at St. Luke's Anderson Campus Memorial. Under § 1983, action under color of state law requires that the one liable under that statute have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011)). Here, however, nothing in the Complaint suggests that the nurses and doctor are state actors, as nothing suggests that they were employed by or under contract with the Northampton County Jail or Prime Care. *See Talbert v. Kaplan*, No. 12-6533, 2013 WL 4434214, at *4 (E.D. Pa. Aug. 20, 2013). Rather, they are privately employed individuals who happened to be working on December 31, 2015, when Lopez was taken to the hospital. Accordingly, the Court will dismiss Lopez's claims against them.

### C. Claims Against "Prison Officials Who Transported to Hospital Mental Health Dept"

Finally, Lopez seeks to hold the prison officials who transported him to the hospital in 2015 liable for not informing hospital staff that he had swallowed a spork. Pennsylvania's two-year statute of limitations applies to Lopez's claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Lopez's claims accrued when he "ha[d] a complete and present cause of action, that is, when [he could] file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). Here, Lopez's claims against the officers

accrued on December 31, 2015, when he claims that they failed to inform the hospital that Lopez had swallowed a spork. Thus, Lopez needed to file his Complaint on or before December 31, 2017 for his claims against the officers to be timely filed. He did not file his Complaint, however, until December 11, 2018, almost a year after the limitations period expired. Accordingly, Lopez's claims against these officers will be dismissed as time-barred.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Lopez leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Court will give Lopez an opportunity to file an amended complaint in the event he can state a plausible claim for relief against an appropriate defendant or defendants. Lopez's Motions for Appointment of Attorney will be denied without prejudice at this time. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). A separate Order follows.

---

[3] While an inmate is entitled to tolling of the statute of limitations while exhausting administrative remedies, *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015), Lopez indicates that he did not file a grievance about these events (Compl. at 11).