**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GABRIEL LOPEZ,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 18-CV-5344** |
| | : | |
| **PRIME CARE MEDICAL** | : | |
| **DEPT**, *et al.*, | : | |
| **Defendants.** | : | |

**FILED**

JUN - 3 2019

**MEMORANDUM OPINION**

KATE BARKMAN, Clerk
By_____Dep Clerk

**GOLDBERG, J.**                                                                                    **JUNE 3, 2019**

*Pro se* Plaintiff Gabriel Lopez, a prisoner currently confined at SCI Smithfield, has filed

an Amended Complaint ("AC") in response to the Court's Orders dated January 23, 2019 (ECF

No. 9)[1] and February 26, 2019 (ECF No. 13).[2] Lopez was previously granted leave to proceed *in*

*forma pauperis.* For the following reasons, the Complaint will be dismissed with prejudice

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] The Court's Order of January 23, 2019 accompanied a Memorandum in which the Court found
that Lopez's claims against "Prime Care Medical Dept" were implausible because he had not
alleged he was harmed by one of the Defendant's policies or customs. (ECF No. 8 at 4.)
Additionally, his claims against the "Prime Care Medical Dept Person[n]el on Duty" were
deemed insufficient to state a claim because Lopez failed to reference which specific individuals
engaged in what conduct. (*Id.* at 4-5.) His claims against the nurses and a doctor at St. Luke's
Anderson Campus ("St. Luke's") were found to be implausible because there was no basis in
Lopez's Complaint to deem them to be "state actors" for purposes of 42 U.S.C. § 1983. (*Id.* at
5.) Finally, Lopez's claim against the prison officials who transported him to the hospital was
dismissed because the claim, which accrued on December 31, 2015, was untimely. (*Id.* at 5-6.)
In the January 23, 2019 Order, Lopez was granted leave to file an amended complaint within
thirty days. The Order of February 26, 2019 extended that deadline for an additional ninety
days.

Mailed to G. Lopez

## I. FACTS

In the AC, Lopez names as Defendants a John Doe Radiologist at St. Luke's; Jane Doe 1, a doctor at Northampton County Prison ("NCP") who works for Prime Care Health Care; and "all medical personel [sic] contracted by Prime Care Medical, Inc. Northampton County Prison Nurses."[3] (ECF No. 14 at 2-3.) Lopez asserts that, after he swallowed a plastic spork on December 31, 2015, the medical staff at Northampton County Prison ("NCP") sent him to St. Luke's but the spork was not removed. (*Id* at 5.) He told the prison medical staff that the spork was still inside him when he returned. (*Id.*) He alleges he was put in a "suicide smock" and blanket, was fed his meals without utensils, and was fed foods he was not able to eat with just his fingers. (*Id.*) He alleges that the hospital to which he was taken failed to provide proper medical treatment in order to remove the spork. Specifically, he asserts that Defendant John Doe Radiologist "should have known as trained in his field that without [x-ray with] contrast you would not see plastic in someone's body." (*Id.*) He alleges that "the prison made it impossible for [him] to file any paperwork cause [sic] they gave me no access to a pencil or pen or paperwork." (*Id.*)

Lopez was transferred from NCP to a state correctional facility and was later released.[4] Three months after his release, in June to July 2017 he lost 70 pounds. (*Id* ) He was again

---

[3] As just noted, Lopez's original claims against the "Prime Care Medical Dept Person[n]el on Duty" were deemed insufficient to state a claim because Lopez failed to reference which specific individuals engaged in what conduct. (*Id.* at 4-5.) The allegations in the AC against all medical personnel contracted by Prime Care Medical, Inc. at Northampton County suffers from the same defect. In addition to the other reasons stated herein, these claims are dismissed with prejudice for the reasons stated in the Court's earlier Memorandum.

[4] A review of public dockets reflects that Lopez entered a guilty plea to charges of escape on December 4, 2015. He was sentenced on January 22, 2016 to a term of 14 to 28 months incarceration, at which time the Court directed that NCP transport Lopez to an SCI as soon as possible. *See Commonwealth v. Lopez*, CP-48-CR-3573-2015 (Northampton Cnty. Ct. of

2

hospitalized, and a feeding tube was placed down to his stomach. He alleges the "Defendants had knowledge of my medical condition which finds them to be actual deliberate indifferent." (*Id.*) He alleges that "the defendants in this case are all nurse's [sic] at NCP and doctor that I informed at the prison on several occasions also John Doe 2 the radiologist at the hospital for malpractice claim[,] . . . John Doe & Jane Doe 3, 4, 5, 6 that includes the Doctor at the prison." (*Id.* at 6.) He adds that, "due to the negligence of the medical personel [sic] at the prison and the medical malpractice with the knowledge they have in the medical caused a delay of treatment were [sic] I suffered more harm than needed to if I would have just gotten the treatment of the spork being removed. . . . [T]he treatment I received for the situation was cruel and unusual punishment to make someone eat with there [sic] hand of food that was not finger food." (*Id.*)

From Lopez's recitation, the Court understands his AC to raise a state law malpractice claim against the John Doe Radiologist, and a Fourteenth Amendment deliberate indifference to serious medical needs claim against Dr. Jane Doe 1, and Nurses John Doe & Jane Doe 3, 4, 5, and 6 arising from the incident that took place on and around December 15, 2015.[5]

## II. STANDARD OF REVIEW

Because Lopez has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the AC if, among other things, it is frivolous or fails

---

Common Pleas). Accordingly, when the incident occurred on December 31, 2015, he was still a pretrial detainee. *See Stevenson v. Carroll*, 495 F.3d 62, 67 (3d Cir. 2007)

[5] In the Court's Order of January 23, 2019, Lopez was specifically instructed that, if he filed an AC, he "shall name all defendants in the caption," and that the AC "must be a complete document that does not rely on Lopez's prior pleadings to state a claim." (ECF No. 9 at 2.) Lopez again listed Prime Care Medical in the caption. In the list of Defendants, Prime Care is not identified as a party, but only listed as the employer of Dr. Jane Doe 1 and the other John and Jane Does. Since it is not listed as a defendant in its own right and there are no allegations made against Prime Care in the body of the AC, to the extent that Lopez raises claims against Prime Care they are dismissed with prejudice.

3

to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed

by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure

12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the

Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face." *Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted). Conclusory allegations do not suffice. *Id.* As Lopez is proceeding *pro se*,

the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir.

2011).

## III.    DISCUSSION

The vehicle by which Lopez may assert his Fourteenth Amendment claim is Section 1983

of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes
> to be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S.

42, 48 (1988).

The timeliness of a § 1983 claim is governed by the limitations period applicable to

personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626,

634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two

years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the limitations period applicable to

4

Lopez's § 1983 claim and to his medical malpractice claim arising under Pennsylvania law is two years.

Lopez filed his original Complaint on December 11, 2018. (ECF No. 2.) All of the substantive factual allegations relating to the named Defendants contained in the AC describe events that took place on December 31, 2015, or shortly thereafter, which is beyond the two-year limitations period.[6] In Pennsylvania, however, the discovery rule may operate to delay the running of the statute of limitations in certain circumstances. *Nicolaou v. Martin*, 195 A.3d 880, 892 (Pa. 2018) ("[T]he discovery rule tolls the statute of limitations where the plaintiff is reasonably unaware that he has been injured and that his injury has been caused by another party's conduct") (citing *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005)). "As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause." *Fine*, at 859. "The reasonable diligence standard is objective, as the question is not what the plaintiff actually knew of the injury or its cause, but what he might have known by exercising the diligence required by law." *Nicolaou*, 195 A.3d at 893. *Id.* (citations omitted). However, "the objective reasonable diligence standard is 'sufficiently flexible . . . to take into account the differences between persons and their capacity to meet certain situations and the circumstances confronting them at the time in question.'" *Id.* (quoting *Fine*, 870 A.2d at 858).

---

[6] The Court notes that Lopez recorded the date of "December 31, 2015" in that section of the AC form that asks, "What date and approximate time did the events giving rise to your claim(s) occur?" (ECF No. 14 at 4.) While he alleges that he was eventually re-hospitalized following his dramatic weight loss in June to July 2017, he makes no allegations regarding any named Defendant that occurred later than the December 31, 2015 time period. Since Lopez was sentenced on his felony escape conviction on January 22, 2016, and he alleges he was transferred to a state correctional facility, it is reasonable to assume that he had no further interactions with the named Defendants after his transfer.

Whether or not Pennsylvania's discovery rule applies in a given case is a question of fact. *Id*; *Gleason v. Borough of Moosic*, 15 A.3d 479, 485 (Pa. 2011). As such, it is properly a question for the jury unless no reasonable juror could find otherwise. *Fine*, 870 A.2d at 858-59. "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

Because Lopez's allegations (1) all concern events occurring on December 31, 2015 or the period shortly thereafter when he returned to NCP from the hospital, (2) Lopez concedes that he was immediately aware that he was injured due to the named Defendants' actions on December 31, 2015, (3) he makes no allegation that any named Defendant took any action to injure him within the two-year statutory period, and (4) Lopez states that he was transferred to a state correctional institution where he could have no further interactions with the named Defendants during the two-year statutory period, and where they would no longer be responsible for his medical care, his claims are time barred on their face. While Lopez notably asserts that the NCP Defendants made it "impossible" for him to "file any paperwork cause [sic] they gave me no access to a pencil or pen or paperwork," given that he was transferred out of NCP and into a state correctional institution well before the limitations period expired, this allegation is insufficient to show a plausible argument that Lopez was reasonably diligent even when taking into account the his personal and situational circumstances.

## IV. CONCLUSION

For the foregoing reasons, Lopez's claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because they are time barred are therefore not plausible. Having afforded Lopez an earlier opportunity to cure the defects identified in his original Complaint — the

6

conclusion that some of his claims were untimely being one of them (*see* ECF No. 8 at 5-6) —
the dismissal is with prejudice.

An appropriate Order follows.